# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA, )
)
    Plaintiff, )
) CRIMINAL ACTION
v. )
) No. 08-20151-CM
BENJAMIN BORTNICK, )
)
    Defendant. )
)

## MEMORANDUM AND ORDER

This case is before the court on two motions: Benjamin Bortnick's Motion for Bill of Particulars (Doc. 28) and Benjamin Bortnick's Motion for Order Compelling Discovery of Computer-Related Evidence Seized from Benjamin Bortnick (Doc. 29). On February 17, 2010, the court conducted a hearing on the motions. The parties presented argument and evidence for the court's consideration. The court is now prepared to rule.

### I.    Motion for Bill of Particulars (Doc. 28)

Defendant seeks a bill of particulars identifying the particular images upon which the government will rely at trial so that defense counsel does not have to spend valuable time and resources on images that are not the subject of the indictment.

The purpose of a bill of particulars is to inform the defendant of the charge against him with sufficient precision to allow him to prepare his defense. *United States v. Ivy*, 83 F.3d 1266, 1281 (10th Cir. 1996) (quoting *United States v. Levine*, 983 F.2d 165, 166–67 (10th Cir. 1992)). When reviewing a motion for a bill of particulars, the court considers whether the defendant has: (1) a meaningful opportunity to prepare his defense; (2) assurances against unfair surprise at trial; and (3)

protection from double jeopardy. *United States v. Dunn*, 841 F.2d 1026, 1029 (10th Cir. 1988). In the Tenth Circuit, it is usually enough for the indictment to track the statute when the statute adequately expresses all of the elements of the offense. *Id.* Additionally, a bill of particulars is unnecessary when the defendant has already obtained the relevant information from the government through other disclosures. *United States v. Cheever*, No. 05-10050-01-MLB, 2006 WL 1360519, at *9 (D. Kan. May 18, 2006) (recognizing that the Tenth Circuit has "affirmed denials of motions for bills of particulars when the defendant has already obtained the relevant information from the government through other disclosures.").

Here, the indictment language tracks the statute and expresses all the elements of the offenses. Furthermore, the government has made the information defendant seeks available to him during discovery. This gives defendant a meaningful opportunity to prepare his defense and should prevent unfair surprise at trial. Defendant's request appears to be an improper request for evidentiary detail, as in *United States v. Barberi*, 614 F.2d 715, 719 (10th Cir. 1980). "[T]he defendant is not entitled to know all the evidence the government intends to produce, but only the theory of the government's case." *Levine*, 983 F.2d at 166–67 (citation and internal quotation marks omitted). The court therefore denies defendant's motion for bill of particulars.

## II.     Motion to Compel

Defendant requests that the court order the government to produce to him a copy of the hard drive seized from him. Alternatively, defendant asks for a reasonable opportunity to examine the hard drive at a "safe room" in the United States District Court of California's Roybal Building in Los Angeles, California, under specified conditions. Although the government has offered defendant access to the hard drive at the Johnson County Sheriff's Department, defendant asserts

that the proposed access does not make the hard drive reasonably available to defendant.

The Adam Walsh Act, 18 U.S.C. § 3509(m), provides that a court shall deny any request by a "defendant to copy, photograph, duplicate, or otherwise reproduce any property or material that constitutes child pornography . . . so long as the Government makes the property or material reasonably available to the defendant." 18 U.S.C. § 3509(m)(2)(A). The statute states that property is deemed "reasonably available" if "the Government provides ample opportunity for inspection, viewing, and examination at a Government facility of the property or material. . . ." *Id.* § 3509(m)(2)(B).

Defendants have both a constitutional right of access to evidence that may help their defense, *California v. Trombetta*, 467 U.S. 479, 485 (1984), and a right to effective assistance of counsel in evaluating and analyzing the evidence. Although defendant notes that several courts have considered constitutional challenges to 18 U.S.C. § 3509(m), he does not appear to make a constitutional challenge here. Instead, defendant argues that the government's proposed access to the hard drive does not provide the "ample opportunity" to inspect and examine the evidence required by the statute. By not providing ample opportunity, defendant argues that the government has not made the hard drive reasonably available. Therefore, defendant claims, under the statute, the court may order the hard drive copied or order access at a facility that would provide ample opportunity to examine the hard drive.

Defendant presented evidence that a forensic examination of a computer hard drive is an involved process. His expert, Jeff Fischbach, originally identified the following difficulties that he faces with the government's proposal for access: (1) Multiple computers may be necessary; (2) Because it is difficult to predict what particular software and equipment is necessary, the expert would have to travel with a large amount of expensive equipment; (3) Licensing agreements may

prevent him from bringing his copy of software to a second computer outside of his office; (4) He would have to transport manuals or texts necessary for thorough examination; (5) He would need internet access through a non-government network for research and investigation; (6) Also for privacy concerns, he would need to be able to conduct confidential telephone conversations with defense counsel and other experts during the examination; (7) Certain tests would have to be left running for hours – even overnight, running the risk that government officials could observe his examination; and (8) The hours of restricted access prior to and during trial may be too limiting to secure defendant's due process rights. At the hearing, Mr. Fischbach also testified that the facility's policy of searching him every day as he leaves the facility is unacceptable and that he probably would not examine the hard drive if he were to be subjected to such searches.

The government has proffered that the sheriff's office can provide a computer for the expert's use, only requiring him to bring his own software. The sheriff's office can provide a private room. Defendant requested that the sheriff's office format the hard drive before his expert arrived, but the sheriff's office declined to do so, to avoid potential issues that could arise as a result.

The court has reviewed the cases cited by the parties and conducted its own research. Defendant largely relies on *United States v. Knellinger*, 471 F. Supp. 2d 640 (E.D. Va. 2007) to support his request. In *Knellinger*, the court held that the government had not provided ample opportunity to examine the material to the defendant, who sought to raise a "virtual children" defense. 471 F. Supp. 2d at 648–50. The expert in *Knellinger* said that his fees would rise from $135,000 to over $500,000 if he had to view the hard drive in the manner proposed by the government. *Id.* at 647. He testified that he would not be able to determine whether his equipment was working properly in the government's facility, and that he would refuse to work on the case if compelled to use the government's facility. *Id.* In *Knellinger*, the court ordered the government to

produce a mirror image copy to the defense. *Id.* at 650. Similarly, in *United States v. Winslow*, 2008 U.S. Dist. LEXIS 66885 (D. Ak. Jan. 28, 2008), the court also held that the government's proposal did not provide ample opportunity for examination.

But a number of other district courts have held that government provisions similar to those proposed here did provide the defendant with ample opportunity to examine the material. *See, e.g., United States v. Flinn*, 521 F. Supp. 2d 1097, 1101 (E.D. Cal. 2007); *United States v. Patt*, 2008 WL 2915433, at *18–20 (W.D.N.Y. July 24, 2008); *United States v. Spivack*, 528 F. Supp. 2d 103, 107–08 (E.D.N.Y. 2007). One distinguishing characteristic of these cases, however, is that no physical search of the expert or his electronic materials was required before the expert was allowed to leave the facility.

Based on the circumstances presented to the court, the court determines that the government's proposal for review of the hard drive, for the most part, does present ample opportunity for review. The hard drive may not be convenient for Mr. Fischbach, but it is reasonably available. The only concern the court has with the government's proposal is the search that the expert would be subjected to each time he left the facility. The court has no reason to expect that the government or its agents would intentionally access and use defendant's confidential information. But Mr. Fischbach testified that to work effectively, he would need to transport work product and privileged information into and out of the facility. Ms. Spalding, who works for the Johnson County Sheriff's Department, testified that if Mr. Fischbach brought electronic storage devices in and out of the facility, they would be subjected to searches. Although Mr. Fischbach could avoid the searches by using all paper product, he testified that this would be unworkable.

The court determines that the electronic search provision imposes an unreasonable restriction on the defendant's ability to prepare a defense. The hard drive is not reasonably available so long as

-5-

defendant's expert is subject to search of his electronic materials each time he leaves the facility. The other provisions the government has made, however, are reasonable. The court therefore orders that the government provide the hard drive for inspection by defendant's expert under the conditions proposed by the government, with the exception of the required searches of the expert's electronic materials. Mr. Fischbach can—and should—certify in writing that he has not taken any materials that would be considered child pornography under federal law, and that he has not caused any such child pornography to be sent off-site. If, and only if, the Johnson County Sheriff's Department is unwilling or unable to lift the restriction that Mr. Fischbach's electronic records be searched upon leaving the building, then the government is ordered to make the hard drive or a copy available to defendant at the "safe room" in the United States District Court of California's Roybal Building in Los Angeles, California, under the conditions requested by defendant.

**IT IS THEREFORE ORDERED** that Benjamin Bortnick's Motion for Bill of Particulars (Doc. 28) is denied.

**IT IS FURTHER ORDERED** that Benjamin Bortnick's Motion for Order Compelling Discovery of Computer-Related Evidence Seized from Benjamin Bortnick (Doc. 29) is denied in part and granted in part.

Dated this   11th   day of March 2010, at Kansas City, Kansas.

**/s/ Carlos Murguia**
**CARLOS MURGUIA**
**United States District Judge**